UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-08949-SVW-JPR | Date | February 12, 2015 |
|---|---|---|---|
| Title | Moise Lopez v. TPS Parking Management, LLC | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** IN CHAMBERS ORDER TO SHOW CAUSE WHY THE CASE SHOULD NOT BE REMANDED FOR LACK OF SUBJECT MATTER JURISDICTION

28 U.S.C. § 1332 requires complete diversity of the parties. *E.g.*, *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). The removing party has the burden of establishing diversity. *Miller v. Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985). Moreover, there is a presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). And courts resolve ambiguity in favor of remand. *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

All circuits agree that limited liability companies "have the citizenship of all their owners/members . . . for diversity of citizenship under 28 U.S.C. § 1332." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899, 902 (9th Cir. 2006). In some cases — including this one — citizenship must be "traced through multiple levels if any of [an LLC's] members is itself a partnership or LLC." *Mut. Assignment and Indem. Co. v. Lind-Waldock & Co.*, 364 F.3d 858, 861 (7th Cir. 2004)(citing *Cosgrove v. Bartolotta*, 150 F.3d 729 (7th Cir. 1988)).

In its notice of removal, defendant TPS Parking Management, LLC identified its sole member as TPS Parent, LLC. (Dkt. 1, Notice of Removal, ¶ 13; Dkt. 2, Ruberry Decl., ¶ 8). It did not identify who TPS Parent's member was though. (*See id.*).[1] The notice of removal alleges that TPS Parent's sole

---

[1] TPS Parking Management identified where TPS Parent was formed and operates. (Notice of Removal, ¶ 13; Ruberry Decl., ¶ 8). TPS Parent's state of incorporation and the location of its headquarters are irrelevant though — its citizenship is based on its

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-08949-SVW-JPR | Date | February 12, 2015 |
|---|---|---|---|
| Title | Moise Lopez v. TPS Parking Management, LLC | | |

member was formed under the law of the State of Delaware. (*Id.*). But without knowing who or what that member is, the Court cannot conclude whether Delaware is the state of citizenship for purposes of Section 1332. For example, if TPS Parent's sole member is a corporation, then its principal place of business could be in California, rendering diversity incomplete. Or if it is another LLC, then the Court would have to continue to trace citizenship through another level, which also could result in California citizenship. Since the Court must construe ambiguity in favor of remand, the notice of removal does not allege complete diversity.

Therefore, Defendant is ORDERED TO SHOW CAUSE why this case should not be remanded for lack of subject matter jurisdiction. Defendant shall have until February 27, 2015, at 5:00 pm to submit its response in writing. Plaintiff may reply in writing no later than March 6, 2015, at 5:00 pm. The Court will hear the matter on Monday, March 16, 2015, at 1:30 pm.

---

members' citizenship. *Johnson*, 437 F.3d at 899, 902; *Mut. Assignment and Indem. Co.*, 364 F.3d at 861.

| | : |
|---|---|
| Initials of Preparer | PMC |